IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| ENERGIZER BRANDS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. 4:15-cv-1798 |
| ENERGIZER TENNIS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Energizer Brands, LLC ("Plaintiff" or "Energizer"), for its Complaint against Defendant Energizer Tennis, Inc. ("Defendant"), hereby states as follows:

## NATURE OF THE ACTION

1. Energizer owns the extremely well-known, famous, and iconic ENERGIZER® trademark, which has been used for decades on and in connection with an extremely broad range of goods including, among other things, batteries, computer accessories, cables and storage devices, camera accessories, gaming device connectors and adaptors, clothing, carrying cases, lighting products, power tools, and candles.

2. Notwithstanding Energizer's longstanding prior rights in, to and under its ENERGIZER family of trademarks, Defendant recently began repositioning its business from the limited offering of tennis consultation services to the acquisition and expansion of companies and related products and services in, *inter alia*, the video-gaming sector under the name and mark ENERGIZER TENNIS INC. (the "Infringing ENERGIZER Name").

1

3.      Because Defendant has refused to voluntarily cease use of the Infringing ENERGIZER Name, Energizer has no choice but to bring this action at law and in equity for trademark infringement, trademark dilution, and unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. ("Lanham Act"); trademark infringement and unfair competition in violation of Missouri common law; and trademark dilution in violation of Mo. Rev. Stat. § 417.061.  Energizer seeks to enjoin Defendant from using the Infringing ENERGIZER Name and any other designation confusingly similar to Energizer's ENERGIZER family of trademarks or which is likely to dilute the distinctiveness of any of those trademarks.  Energizer also seeks to damages resulting from Defendant's commercial activities, and/or an accounting of Defendant's profits from such commercial activities.

## THE PARTIES

4.      Plaintiff Energizer Brands, LLC is a Delaware limited liability company with a principal place of business at 533 Maryville University Drive, St. Louis, Missouri, 63141.

5.      On information and belief, Defendant Energizer Tennis, Inc. is a Nevada corporation with a principal place of business at 333 City Blvd W., Orange, California 92868.  On further information and belief, the Defendant operates websites located at www.EnergizerTennisInc.com and EnergizerTennis.com ("Defendant's Websites").

## JURISDICTION AND VENUE

6.      This court has subject-matter jurisdiction pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  This Court has subject-matter jurisdiction over Energizer's related state law claims under 28 U.S.C. §§ 1332, 1338 and 1367.

7.      This Court has personal jurisdiction over Defendant because Defendant has committed tortious acts in this District and has purposefully availed itself of the privilege of

doing business in this District.  Using the words "ENERGIZER" AND "TENNIS," Defendant offers for sale a $0.99 smartphone application, which is available for purchase by smartphone owners in this District and throughout the State of Missouri.  Defendant also owns and operates Defendant's Websites, which are interactive websites accessible by Internet users in this District and throughout the State of Missouri.  As one feature, Defendant's Websites invite users to communicate with Defendant concerning the company's offerings and investment opportunities, and one website indicates that users requesting investor information will be contacted by Defendant within 24 hours.  The Infringing ENERGIZER Name appears throughout the Defendant's Websites, including on pages soliciting user interaction.  Energizer is being harmed and damaged in Missouri and in this District by Defendant's conduct.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that on information and belief, a substantial part of the events or omissions giving rise to the claims occurred and are occurring in this judicial district.

9.      This Court has jurisdiction to enter injunctive relief, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

## FACTS COMMON TO ALL CLAIMS

### A.    The Famous ENERGIZER Trademarks

10.     For decades, Energizer and its predecessors-in-interest have manufactured, marketed, advertised, distributed, and sold  a wide variety of products in interstate commerce, including, by way of example and without limitation, batteries, computer accessories, cables and storage devices, camera accessories, gaming device connectors and adaptors, clothing, carrying cases, lighting products, power tools, and candles.  Since at least as early as 1955, Energizer has owned and continuously used, and presently uses, various trademarks consisting of the inherently

3

distinctive designation ENERGIZER, or incorporating the designation ENERGIZER together with other word and/or design elements (collectively, the "ENERGIZER Marks") in interstate commerce throughout the United States on and in connection with the design, manufacture, advertising, marketing, promotion, distribution, and sale of its goods and services.

11. Energizer owns and maintains numerous registrations of the ENERGIZER Marks on the Principal Register of the United States Patent and Trademark Office (the "USPTO"), together with all right, title, and interest in the marks shown therein, and all of the business and goodwill represented thereby (collectively, the "ENERGIZER Registrations"). The following are examples of ENERGIZER Registrations that have become incontestable and therefore are conclusive evidence of Energizer's rights in and to the marks covered by those registrations under Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b):

| Trademark | Reg. No. | Reg. Date | Goods/Services (First Use in Commerce) |
|---|---|---|---|
| ENERGIZER | 1502902 | Sept. 6, 1988 | Batteries (1955) |
| ENERGIZER *Energizer* | 1177083 | Nov. 10, 1981 | Electric flashlights (June 4, 1980) |
| ENERGIZER | 2500464 | Oct. 23, 2001 | Flashlights (June 4, 1980) |
| ENERGIZER | 2818767 | March 2, 2004 | Clothing; namely, caps, T-shirts, jackets (November 15, 1999) |
| ENERGIZER | 3357933 | Dec. 18, 2007 | Power supply connectors and adaptors for use with portable electronic devices (November 13, 2006) |
| ENERGIZER | 3712830 | Nov. 18, 2009 | Electrical connectors, wires, cable and adaptors for use with portable and handheld digital electronic devices including gaming devices (July 31, 2009) |

Copies of U.S. Certificates of Registration for these ENERGIZER Marks are attached

4

collectively as **Exhibit 1**.

12. The following are additional examples of valid federal registrations owned by Energizer:

| Trademark | Reg. No. | App. Date | Reg. Date | Goods/Services (First Use in Commerce) |
|---|---|---|---|---|
| ENERGIZER | 4187104 | May 8, 2009 | August 7, 2012 | Clothing, namely, jackets, sweaters, shirts, hats, t-shirts, baseball caps, caps, short sleeved or long sleeved t-shirts, polo shirts; children's clothing, namely, shirts (October 29, 2011) |
| ENERGIZER | 4455298 | May 11, 2010 | Dec. 24, 2013 | Computer cables; audio cables; video cables (July 22, 2013) |

Copies of U.S. Certificates of Registration for these ENERGIZER Marks are attached collectively as **Exhibit 2**.

13. Energizer has devoted enormous resources to the marketing, advertising, and promotion of its ENERGIZER Marks.  Energizer has spent more than $300 million promoting the ENERGIZER Marks and the products sold thereunder in the United States over the last five years alone. This investment has resulted in over $4.3 billion in sales of Energizer batteries and flash lights alone over the last five years, which includes more than 4 billion units of batteries bearing the ENERGIZER Marks and nearly 25 million units of flashlights bearing the ENERGIZER Marks.

14. As a result of Energizer's long and continuous use of the ENERGIZER Marks on and in connection with its products and services, and as a consequence of Energizer's extensive advertising, promotion, distribution, and sale of such products under its ENERGIZER Marks, the consuming public and the trade have come to recognize, and do recognize, Energizer as the

source of origin of such products.  Further, the ENERGIZER Marks are strongly recognized by the consuming public and the trade as being used by Energizer or by a single source, and associate and identify the goods and services offered and sold under the ENERGIZER Marks with Energizer or with a single source.  Energizer consequently derives invaluable goodwill from this recognition, association, and identification by the consuming public and the trade.

15. The ENERGIZER Marks have been recognized as among the country's top brands in *America's Greatest Brands*, Volume 1 (2001), and unsolicited media coverage has referred to the "well known Energizer brand" (*Indianapolis Star*, January 5, 2005), "such household names as . . . Energizer" (*Crain's Detroit Business*, July 27, 2009), "well-known taglines, like . . . Energizer's 'Keep Going'" (*Houston Chronicle*, July 18, 2010), and "Energizer, famous for its unstoppable bunny" (*St. Louis Post-Dispatch*, July 14, 2007).

16. Because of the high degree of inherent and acquired distinctiveness of the ENERGIZER Marks, the length of time and extent to which Energizer has used the ENERGIZER Marks, the vast advertising and publicity of which the ENERGIZER Marks have been the subject, the substantial trading area in which the ENERGIZER Marks have been and are used, and the high degree of consumer recognition of the ENERGIZER Marks, the designation ENERGIZER is a well-known and famous trademark widely recognized by the general consuming public of the United States as a designation of source of Energizer's goods and services and deserving of a broad scope of legal protection prior to any actual or constructive priority Defendant may claim.

**B. Defendant's Infringing Conduct**

17. Upon information and belief, since roughly 2011, Defendant operated a website providing the limited services of tennis consultation located at www.energizertennis.com:

6



18. Upon information and belief, in addition to the website located at www.energizertennis.com, Defendant offered for sale a $0.99 smartphone application in connection with its tennis consultation services and makes it available for purchase in the State of Missouri in this District:



19. Relatively recently, in April 2015, Defendant announced through a press release that it had "transformed its business model" to an "advanced international technology holdings

7

company," with an emphasis in the video-gaming sector. A copy of the press release is attached as **Exhibit 3**.

20. As part of its April 2015 press release, Defendant announced the launch of Defendant's additional and new Website at www.EnergizerTennisInc.com.

21. Defendant owns and operates Defendant's Websites, which include an interactive website that provides information and invites users to communicate with Defendant concerning the company's offerings and investor opportunities. One of Defendant's Websites indicates that users requesting investor information will be contacted by Defendant within 24 hours. The Infringing ENERGIZER Name appears throughout the Defendant's Websites, including on pages soliciting user interaction. Copies of webpages from one of Defendant's Websites are attached collectively as **Exhibit 4**.

22. Defendant's commercial uses of the Infringing ENERGIZER Name have been and continue to be without authorization or permission from Energizer.

23. Upon information and belief, Defendant knowingly, willfully, intentionally, and maliciously made and continues to make prominent use of the Infringing ENERGIZER Name to exploit the famous ENERGIZER Marks, the commercial magnetism of Energizer's ENERGIZER Marks, and to falsely suggest that Defendant's ENERGIZER products or services are made, sponsored, or endorsed by Energizer.

24. Defendant's actions are causing irreparable harm to Energizer and the public, and will continue to injure Energizer and the public unless enjoined by the Court. Defendant's wrongful acts will harm the goodwill associated with Energizer's ENERGIZER Marks, and result in injury that cannot readily be quantified or recaptured. Accordingly, Energizer and the public have a strong interest in stopping Defendant's conduct.

25. Promptly upon learning of Defendant's efforts to expand into the video gaming sector, Energizer contacted Defendant demanding that it cease all use of the Infringing ENERGIZER Name. Because Defendant continues to make such unauthorized use, Energizer was forced to file this lawsuit.

## FIRST CLAIM FOR RELIEF
### (Infringement of Federally Registered ENERGIZER Marks under 15 U.S.C. § 1114)

26. Energizer repeats and incorporates by reference the allegations in paragraphs 1 through 25 of this Complaint.

27. Defendant's unauthorized use in commerce of the Infringing ENERGIZER Name has caused and is likely to continue to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Defendant's products and services.  The trade and consuming public are likely to believe that Defendant's products and services originate from Plaintiff, are from the same source as products bearing Plaintiff's ENERGIZER Marks, and/or that there is some connection between the makers of Energizer products, on the one hand, and Defendant, on the other, when such is not the case.

28. By its unauthorized commercial use of the Infringing ENERGIZER Name in connection with products and services that are closely related to those for which Plaintiff owns valid and incontestable federal registrations for the ENERGIZER Marks, Defendant has infringed, and is infringing, the federally registered ENERGIZER Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

29. As a direct and proximate result of Defendant's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court,

9

irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

30. Defendant's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Defendant's profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition, False Representation, and False Designation of Origin under 15 U.S.C. § 1125(a))

31. Energizer repeats and incorporates by reference the allegations in paragraphs 1 through 30 of this Complaint.

32. Defendant's unauthorized use of the Infringing ENERGIZER Name is causing confusion, and/or is likely to continue to cause confusion, cause mistake, or to deceive the public as to the origin, source, sponsorship, approval or affiliation of Defendant's products and services. Such conduct constitutes a false designation of origin, and a false description and false representation of fact, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. As a direct and proximate result of Defendant's unlawful conduct, as herein alleged, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

34. Defendant's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Defendant's profits, costs and reasonable attorneys' fees

under 15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### (Likely Dilution of Federally Registered Trademark under 15 U.S.C. § 1125(c))

35. Energizer repeats and incorporates by reference the allegations in paragraphs 1 through 34 of this Complaint.

36. The ENERGIZER Marks are famous trademarks under 15 U.S.C. § 1125(c)(2)(A), in that they are widely recognized by the general consuming public of the United States as a designation of the source of Energizer's goods and services.  The ENERGIZER Marks became famous long before Defendant commenced its unlawful use of the Infringing ENERGIZER Name.

37. Defendant's use of the Infringing ENERGIZER Name is likely to dilute the famous ENERGIZER Marks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by lessening their capacity to identify and distinguish Energizer exclusively as the source of products in the United States bearing or provided under the famous ENERGIZER Marks.

38. Defendant's unauthorized use of the Infringing ENERGIZER Name is intended and has the effect of trading on Energizer's reputation and causing dilution of the famous ENERGIZER Marks.

39. Upon information and belief, Defendant does not own any federal or state registrations or trademark applications for any mark that includes, in whole or in part, any of the ENERGIZER Marks and cannot assert any rights in the ENERGIZER Marks that are prior to Energizer's first use, actual or constructive, of the ENERGIZER Marks.

40. Defendant's illegal conduct has injured and will continue to injure Energizer in that Energizer has suffered and will continue to suffer damages to its reputation and customer goodwill as a direct and proximate result of Defendant's illegal conduct, unless such unlawful conduct is enjoined by this Court.  In addition, Defendant has been unjustly enriched by reason of its acts of trademark dilution in that it has obtained the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

41. Energizer is entitled to recover all damages sustained by Defendant's actions, all profits realized by Defendant through its unlawful use of the Infringing ENERGIZER Name, and the costs of this action.

42. Defendant's actions have been willful and deliberate, entitling Energizer to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendant.

## FOURTH CLAIM FOR RELIEF
### (Trademark Infringement and Unfair Competition under Missouri Common Law)

43. Energizer repeats and incorporates by reference the allegations in paragraphs 1 through 42 of this Complaint.

44. Energizer owns all rights, title and interests in and to the ENERGIZER Marks, including all common-law rights in such marks.

45. Defendant's conduct is causing and is likely to continue to cause confusion, mistake, and deception among consumers, the public and the trade as to whether Defendant's products and services originate from, or are affiliated with, sponsored by, or endorsed by Energizer.

46. Defendant's conduct, as alleged herein, constitutes trademark infringement and unfair competition, in violation of Missouri common law.

47. As a direct and proximate result of Defendant's unlawful conduct, as herein alleged, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.

48. Defendant's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Defendant's profits, costs and reasonable attorneys' fees.

49. Defendant's wrongful conduct was accompanied by circumstances of willfulness and deliberate or reckless indifference to the rights of Energizer, warranting the assessment of punitive damages.

## FIFTH CLAIM FOR RELIEF
(Likely Dilution under Mo. Rev. Stat. § 417.061)

50. Energizer repeats and incorporates by reference the allegations in paragraphs 1 through 49 of this Complaint.

51. Defendant's conduct constitutes trademark dilution in violation of Mo. Rev. Stat. § 417.061.

52. The ENERGIZER Marks are strong and distinctive marks that have been in use for decades and have achieved widespread public recognition.

53. By virtue of long and continuous use in commerce, including within the State of Missouri, the ENERGIZER Marks have become and continue to be famous and distinctive.

54. Defendant's unauthorized use of the Infringing ENERGIZER Name is diluting the distinctive quality of the ENERGIZER Marks, is lessening the capacity of the ENERGIZER

Marks to identify and distinguish Energizer's products and services, and is causing a likelihood of harm to Energizer's business reputation.

55.     Upon information and belief, due to Defendant's unauthorized use of the Infringing ENERGIZER Name, Defendant has made and will continue to make substantial profits to which it is not entitled.

56.     Upon information and belief, Defendant intends to continue its dilutive conduct unless restrained by this Court.

57.     Defendant's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief because Energizer has no adequate remedy at law.

**WHEREFORE,** Energizer prays the Court enter judgment in its favor and award Energizer relief as follows:

A.     That the Court permanently restrain and enjoin Defendant, and its agents, servants, employees, attorneys and all other persons in active concert or participation with Defendant, from any and all further unauthorized use of the Infringing ENERGIZER Name, and any other colorable imitation of the ENERGIZER Marks, as a trademark, trade name, or other attention-getting device or triggering mechanism, including the destruction of all advertising and promotional materials bearing the Infringing ENERGIZER Name or any other colorable imitation of the ENERGIZER Marks;

B.     That Energizer recover from Defendant such actual damages as Energizer may prove at trial and/or that Defendant account to Energizer for all amounts, including profits, received as a direct and proximate result of Defendant's unlawful conduct;

  C.  That the Court treble such damages or profits to which Energizer is entitled pursuant to 15 U.S.C. § 1117;

  D.  That Energizer recover from Defendant exemplary and punitive damages, based on Defendant's willfulness and/or reckless indifference to Energizer's trademark rights;

  E.  That the costs of this action be taxed against Defendant;

  F.  That Defendant pay Energizer's reasonable attorneys' fees, based on Defendant's willful and deliberate conduct in this exceptional case;

  G.  That Energizer be awarded prejudgment interest;

  H.  That Energizer be awarded post-judgment interest;

  I.  That Energizer have and receive a trial by jury on all issues so triable; and

  J.  That the Court grant Energizer such other and further relief, both general and specific, as the Court may deem just and proper.

Respectfully submitted, this the 7th day of December, 2015.

**BRYAN CAVE LLP**

/s/ Herbert R. Giorgio Jr.
David A. Roodman, Missouri Bar #38109
Herbert R. Giorgio Jr., Missouri Bar #58524
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
(314) 259-2417 (telephone)
(314) 552-8417 (facsimile)
daroodman@bryancave.com
herb.giorgio@bryancave.com

*Attorneys for Plaintiff*

Of Counsel:

**KILPATRICK TOWNSEND & STOCKTON LLP**

William H. Brewster
Theodore H. Davis Jr.
Jessica A. Pratt
1100 Peachtree Street N.E., Suite 2800
Atlanta, GA 30309
(404) 815-6000 (telephone)
(404) 815-6500 (facsimile)
bbrewster@ktslaw.com
tdavis@ktslaw.com
japratt@ktslaw.com

William M. Bryner
1001 West 4th Street
Winston-Salem, NC  27101
(336) 607-7300 (telephone)
(336) 607-7500 (facsimile)
bbryner@ktslaw.com

*Attorneys for Plaintiff*